UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MYRNA NIEVES,

    Plaintiff,                                              CASE NO: 19-cv-62393

vs.

PODS, LLC.

    Defendants.

_____/

**COMPLAINT**
**JURY DEMAND**

1. Plaintiffs allege violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.*, and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 *et seq*. ("FCCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§1331, *Mims v. Arrow Fin. Servs. LLC,* 565 U.S. 368, 132 S. Ct. 740, 181 L.Ed.2d 881 (U.S. 2012), and 1367.

**PARTIES**

3. Plaintiff, MYRNA NIEVES, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, PODS, LLC. ("PODS"), is a Florida corporation with its principal place of business at 13535 Feather Sound Dr., FL 4, Clearwater, FL 33762.

5. Its registered agent for service of process is Aaron B. Parker, 13535 Feather Sound Dr., FL 4, Clearwater, FL 33762.

6. At all times, material, Plaintiff was and is a consumer as defined by the FCCPA.

7. At all material times, the communications alleged herein were "communications" as defined under the FCCPA.

8. Defendant or an affiliated company extended credit to Plaintiff's grandmother and is a "creditor" as defined in the FCCPA.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt for a consumer loan.

10. The debt was for a personal, household, or family purpose.

11. Plaintiff's grandmother, Myrna Prieto, rented a PODS container.

12. Plaintiff's grandmother, at some point, stopped paying for the container.

13. Defendant contacted Plaintiff on her cellular telephone and via email demanding payment.

14. Plaintiff advised Defendant on multiple occasions that the debt belonged to her grandmother and that she was not responsible.

15. Defendant would call and email Plaintiff repeatedly.

16. Defendant was aware that by contacting Plaintiff excessively and after she repeatedly advised Defendant that the debt was not hers that Defendant violated the FCCPA.

17. Defendant, or others acting on its behalf, contacted Plaintiff via her cellular telephone.

18. Defendant, or others acting on its behalf, left messages on Plaintiff's cellular telephone and called and hung up without leaving messages on other occasions ("the telephone messages").

19. Defendant, or others acting on its behalf, used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

20. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(a)(A).

21. Defendants willfully or knowingly violated the TCPA.

22. Defendant, via email, offered to allow Plaintiff to recover her grandmother's personal items from the PODS container at no cost.

23. When Plaintiff's agent contacted Defendant to arrange to pick up the grandmother's personal items, Defendant advised Plaintiff that she had to pay $3500.00 in contravention to its earlier offer.

24. Plaintiff was never able to obtain her grandmother's personal items, which included photographs, furniture, artwork, family heirlooms, and unreplaceable items from her children.

### COUNT I
### EXCESSIVE COMMUNICATION WITH A CONSUMER IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

25. Plaintiff incorporates Paragraphs 1 through 21.

26. Defendant communicated with Plaintiff multiple times after Plaintiff told Defendant that the debt was not hers when Defendant knew that it was in violation of Fla. Stat. §559.72.

27. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div*., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. declaring that Defendant's direct communication with Plaintiff violates the FCCPA;

      d.    permanently enjoining Defendant from direct communication with Plaintiff; and

      e.    Such other or further relief as the Court deems proper.

## COUNT II
## COMMUNICATING WITH A CONSUMER AFTER BEING TOLD TO CEASE IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

28.    Plaintiff incorporates Paragraphs 1 through 21.

29.    Defendant communicated multiple times via telephone and email with Plaintiff when Defendant knew Plaintiff told Defendant that the debt was not hers and to stop contacting her in violation of Fla. Stat. §559.72 (7).

30.    The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit;

      c.    declaring that Defendant's direct communication with Plaintiff violates the FCCPA;

      d.    permanently enjoining Defendant from direct communication with Plaintiff; and

      e.    Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

31. Plaintiff incorporates Paragraphs 1 through 21.

32. Defendant, or others acting on its behalf, placed non-emergency telephone calls and emails to Plaintiff's cellular telephone using an automatic dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. §227(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. A declaration that Defendant's calls violate the TCPA;

   c. A permanent injunction prohibiting Defendant from placing non-emergency calls to the Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

   d. Such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

>Debt Shield Law
>Attorney for Plaintiff
>3440 Hollywood Blvd., Suite 415
>Hollywood, FL 33021
>Tel:   305-776-1805
>Fax:   305-503-9457
>legal@debtshieldlawyer.com
>joel@debtshieldlawyer.com
>
>  */s/ Joel D. Lucoff*
>Joel D. Lucoff
>Fla. Bar No. 192163

5