UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 19-cv-62393-Singhal

MYRNA NIEVES,

    Plaintiff,

vs.

PODS, LLC.,

    Defendant.

_____/

## SECOND AMENDED COMPLAINT
## JURY DEMAND

1. Plaintiffs allege violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.*, and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, *Mims v. Arrow Fin. Servs. LLC,* 565 U.S. 368, 132 S. Ct. 740, 181 L.Ed.2d 881 (U.S. 2012), and 1367.

## PARTIES

3. Plaintiff, MYRNA NIEVES, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, PODS, LLC. ("PODS"), is a Florida corporation with its principal place of business at 13535 Feather Sound Dr., FL 4, Clearwater, FL 33762.

5. Its registered agent for service of process is Aaron B. Parker, 13535 Feather Sound Dr., FL 4, Clearwater, FL 33762.

6. At all times, material, Plaintiff was and is a consumer as defined by the FCCPA.

7. At all material times, the communications alleged herein were "communications" as defined under the FCCPA.

8. Defendant or an affiliated company extended credit to Plaintiff's grandmother and is a "creditor" as defined in the FCCPA.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt for a consumer loan ("the debt").

10. The debt was for a personal, household, or family purpose.

11. Plaintiff's grandmother, Myrna Prieto, rented a PODS container.

12. Plaintiff's grandmother, at some point, stopped paying for the container.

13. The debt belonged to Myrna Prieto.

14. It did not belong to Plaintiff. At no time did Plaintiff advise Defendant that the debt was hers. In fact, Plaintiff repeatedly advised Defendant that the debt belonged to her grandmother.

15. In April 2015, Plaintiff advised Defendant, through its agent, Caine & Weiner ("Caine"), that the debt did not belong to her, that it belonged to her grandmother. Plaintiff attached an affidavit from her grandmother stating that the debt was opened by the grandmother. A copy of the dispute letter and affidavit are attached as Exhibit "A."

16. Defendant's agent, Caine, agreed to request that the tradeline related to the PODS account on Plaintiff's credit report be deleted from the credit bureaus. A copy of Caine & Weiner's response letter is attached as Exhibit "B."

17. Defendant, through its agent, had knowledge since at least August 6, 2015, that Plaintiff disputed the debt.

18. Knowledge of, or notice to, an agent is imputed to the principal when it is received by the agent within the scope of his or her employment and when it is in reference to matters over which the agent's authority extends. Computel, Inc. v. Emery Air Freight, Corp., 919 F.2d 678, 685 (11th Cir. 1990) (*citing* Anderson v. Walthal, 468 So.2d 291, 294 (Fla. 1st DCA 1985).

19. Plaintiff did not provide Defendant with her cellular telephone number and did not consent to Defendant calling her on her cellular telephone number.

20. Defendant contacted Plaintiff on her cellular telephone, 305-776-1805, and via email demanding payment. Many of the communications threatened Plaintiff with the auction of her grandmother's belongings if payment was not made. Defendant would call and email Plaintiff repeatedly.

21. Defendant left numerous voicemails demanding payment and threatening to auction the contents of the subject storage unit.

22. Defendant made repeated calls to Plaintiff's cellular telephone that were answered by a third party: Norma DeGregorio.

23. Defendant disclosed the nature of the debt to the third party. A copy of the emails from Ms. DeGregorio to Plaintiff advising her of the communication is attached as Composite Exhibit "C."

24. These communications occurred within two (2) years of the filing of the original Complaint.

25. Many of the communications were from a PODS agent, representative, or employee named Kira Hagerman ("Kira").

26. Defendant's agent, representative, or employee, Brittaney Williams ("Brittaney") sent numerous emails to Plaintiff. An example email from Brittaney is attached as Exhibit "D."

27. The calls came from 855-500-7637. Each of the voicemails asked Plaintiff to contact Kira or a PODS representative at that telephone number.

28. Each of those messages were left on Plaintiff's cell phone or with a third party.

29. Defendant's agent, Kira, sent numerous emails to Plaintiff demanding payment, offering discounts, and threatening the auction of Plaintiff's grandmother's belongings. An example email from Kira is attached as Exhibit "E."

30. Defendant's agent, representative, or employee, Destiny Henry ("Destiny"), sent at least one email to Plaintiff. An example email from Destiny is attached as Exhibit "F."

31. Exhibits "D," "E," and "F" are a sample representation of the multiple emails received from Defendant.

32. Kira left numerous messages. Many of the messages specifically asked for payment in exchange for the return of Plaintiff's grandmother's belongings in the PODS unit.

33. Upon information and belief, the records of the specific dates, times, and numbers of many of the communications are solely within the possession of the Defendant.

34. Defendant emailed Plaintiff at least 50 times in an attempt to collect on the debt.

35. Defendant contacted Plaintiff via telephone at least 100 times in an attempt to collect on the debt.

36. Defendant was notified by Plaintiff more than four (4) years ago that the debt belonged to her grandmother and not her. Defendant acknowledged receipt of this dispute more than four (4) years ago. *See* Exhibits "A" and "B."

37. Plaintiff repeatedly advised Defendant that the debt was not hers and that the items located in the PODS container did not belong to her.

38. Defendant contacted Plaintiff with such frequency that it caused her mental anguish and emotional pain and suffering.

39. Defendant was aware that by contacting Plaintiff excessively and after she repeatedly advised Defendant that the debt was not hers that Defendant violated the FCCPA.

40. Defendant, or others acting on its behalf, contacted Plaintiff via her cellular telephone.

41. Defendant, or others acting on its behalf, left messages on Plaintiff's cellular telephone and called and hung up without leaving messages on other occasions ("the telephone messages").

42. Upon information and belief, Defendant, or others acting on its behalf, used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

43. Both Plaintiff and a third party upon answering a telephone call from Defendant heard long pauses and noises which would indicate the use of an automated dialing system.

44. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(a)(A).

45. These calls occurred within four (4) years of the filing of the original Complaint.

46. Defendants willfully or knowingly violated the TCPA.

47. Defendant, via email, offered to allow Plaintiff to recover her grandmother's personal items from the PODS container at no cost.

48. When Plaintiff's agent contacted Defendant to arrange to pick up the grandmother's personal items, Defendant advised Plaintiff that she had to pay $3500.00 in contravention of its earlier offer.

49. Plaintiff was never able to obtain her grandmother's personal items, which included photographs, furniture, artwork, family heirlooms, and unreplaceable items from her children.

## COUNT I
## EXCESSIVE COMMUNICATION WITH A CONSUMER IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

50.     Plaintiff incorporates Paragraphs 1 through 41 and 47 through 49.

51.     Defendant communicated with Plaintiff with such frequency and continued to do so even after Plaintiff told Defendant that the debt was not hers when Defendant knew that it was in violation of Fla. Stat. §559.72(9).

52.     The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div*., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

  a.     Damages;

  b.     Attorney's fees, litigation expenses and costs of suit;

  c.     declaring that Defendant's direct communication with Plaintiff violates the FCCPA;

  d.     permanently enjoining Defendant from direct communication with Plaintiff; and

  e.     Such other or further relief as the Court deems proper.

## COUNT II
## COMMUNICATING WITH A CONSUMER AFTER BEING TOLD TO CEASE IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

53.     Plaintiff incorporates Paragraphs 1 through 41 and 47 through 49.

54.     Defendant communicated multiple times via telephone and email with Plaintiff with such frequency and continued to do so when Plaintiff told Defendant that the debt was not hers and to stop contacting her in violation of Fla. Stat. §559.72 (7).

55. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div*., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. declaring that Defendant's direct communication with Plaintiff violates the FCCPA;

    d. permanently enjoining Defendant from direct communication with Plaintiff; and

    e. Such other or further relief as the Court deems proper.

## COUNT III
## COMMUNICATING WITH A THIRD PARTY
## IN AN ATTEMPT TO COLLECT A DEBT

56. Plaintiff incorporates Paragraphs 1 through 41 and 47 through 49.

57. Defendant communicated with a third party multiple times via telephone and disclosed the nature of the debt in violation of Fla. Stat. §559.72(5). *See* Exhibit "C."

58. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div*., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. declaring that Defendant's direct communication with Plaintiff violates the FCCPA;

    d.    permanently enjoining Defendant from direct communication with Plaintiff; and

    e.    Such other or further relief as the Court deems proper.

## COUNT IV
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

59.    Plaintiff incorporates Paragraphs 1 through 49.

60.    Defendant, or others acting on its behalf, placed non-emergency telephone calls and emails to Plaintiff's cellular telephone using an automatic dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. §227(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

    a.  Damages;

    b.  A declaration that Defendant's calls violate the TCPA;

    c.  A permanent injunction prohibiting Defendant from placing non-emergency calls to the Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d.  Such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

    Debt Shield Law
    Attorney for Plaintiff
    3440 Hollywood Blvd., Suite 415
    Hollywood, FL 33021
    Tel:   305-776-1805
    Fax:  305-503-9457
    legal@debtshieldlawyer.com
    joel@debtshieldlawyer.com

    */s/ Joel D. Lucoff*
    Joel D. Lucoff
    Fla. Bar No. 192163

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 19-cv-62393-Singhal

MYRNA NIEVES,

    Plaintiff,

vs.

PODS, LLC.,

    Defendant.
 _____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on <u>January 16, 2020</u>, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                     <u>*/s/ Joel D. Lucoff*</u>
                                                     Joel D. Lucoff

## **SERVICE LIST**

Ian A. Parry, Esq.
Jonathan B. Sbar, Esq.
Andrea K. Holder, Esq.
Rocke, McLean & Sbar, P.A.
2309 S. MacDill Ave.
Tampa, FL 33629
iparry@rmslegal.com
jsbar@rmslegal.com
aholder@rmslegal.com

<u>Via Notices of Electronic Filing generated by CM/ECF</u>